IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIFTON EARL DONALD,

                    Petitioner,

v.

WARDEN MARK MARSKE,

                    Respondent.

OPINION and ORDER

18-cv-671-jdp

---

Federal prisoner Clifton Earl Donald has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a 2015 conviction for use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Relying on *Bailey v. United States*, 516 U.S. 137 (1995), Donald contends that he is innocent of the § 924(c) count because the firearm he possessed was not used in furtherance of his drug trafficking offense.

Donald's argument under *Bailey* fails for two reasons. First, Donald's argument comes far too late. As Donald acknowledges in his petition, he previously filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255. *United States v. Donald*, No. CR 15-64(DSD/HB), 2017 WL 3588630 (D. Minn. Aug. 18, 2017). He can challenge his conviction by filing a petition under § 2241 only if he can show that he is relying on a new case of statutory interpretation that was decided after his conviction and after his § 2255 motion. *See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (citing 28 U.S.C. § 2255(e) and setting forth requirements for proceeding under § 2241). But *Bailey* was decided in 1995, 20 years before the conviction that Donald is attempting to challenge. *Bailey* does not qualify as a "new" case of statutory interpretation that would permit Donald to proceed under § 2241.

Second, Congress responded to the *Bailey* decision in 1998, by amending § 924(c) to cover possession of a firearm in furtherance of a crime, as well as use in furtherance of a crime. *See United States v. O'Brien*, 560 U.S. 218, 232–233 (2010) (discussing statutory amendment known as the "*Bailey* fix"). Even if Donald had made a *Bailey* argument earlier, it likely would not have helped him. Therefore, I must deny Donald's petition.

ORDER

IT IS ORDERED that:

1. Clifton Earl Donald's petition for writ of habeas corpus is DENIED.

2. The clerk of court is directed to enter judgment in favor of respondent and close this case.

Entered April 29, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge